UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUAN OLAYA,

      Petitioner,

v.                                                                    CASE NO.:  5:25-cv-88-JLB-PRL

WARDEN, FCC COLEMAN - 1,

      Respondent.

                                     /

## ORDER

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1).   He argues that the Federal Bureau of Prisons ("BOP") failed to award him program-based time credits (ground one), that he has overpaid his financial obligations (ground two), and that his trial counsel was ineffective (ground three). (*Id.*).   The Warden moves to dismiss the petition without prejudice due to Petitioner's failure to exhaust administrative remedies, or, alternatively, contends the petition should be denied.   (Doc. 8).   Despite being afforded an opportunity to reply, (*see* Doc. 3), Petitioner has not done so.

Although exhaustion of administrative remedies is not a jurisdictional requirement in a section 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense."   *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).   To properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules.   *See Woodford v. Ngo*, 548 U.S.

81, 90–91 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act). The BOP has established the Administrative Remedy Program, which allows an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10.

Here, Petitioner contends that such an attempt at exhaustion is futile. (Doc. 1-1 at 10–12). If such an exception is applicable, futility exceptions apply only in "extraordinary circumstances" and require the petitioner to bear "the burden of demonstrating the futility of administrative review." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). On the record presented, Petitioner has failed to establish such extraordinary circumstances.

Exhaustion in the context of earned time credit calculation is especially important because the relief Petitioner seeks is not straightforward. Under the First Step Act of 2018, Pub. L. No. 115-391, §§ 101-102, 132 Stat. 5194, eligible inmates who successfully complete certain evidence-based recidivism reduction programming or productive activities may receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). Calculating credits towards an inmate's sentence is an administrative function of the BOP, and federal regulations give prisoners administrative avenues to challenge the BOP's computation of their credits. *See* 28 C.F.R. §§ 542.10– 542.19. It contains many variables that this Court is not fully equipped to consider in the first instance. *See Villegas-Escobar v. Derr*, No. 22-cv-500, 2023 WL 1993936, at *4 (D. Haw. Feb. 14, 2023) ("[C]oncerns regarding exhaustion are

particularly relevant to time credits under the First Step Act."). Instead, this case presents the need for an individualized review of the BOP programming Petitioner has taken and the number of credits he has earned. Also, a prisoner's security level and the risk and needs assessment can change under various circumstances, including opting out of programming or violating prison rules. For these reasons, it is the Court's opinion that the BOP is in the best position first to address Petitioner's concerns through the administrative remedy process. *See id.*; *see also Garten v. Pistro*, No. 5:22-cv-218, 2023 WL 2090281, at *1 (N.D. Fla. Feb. 17, 2023) ("That is so because the Court can only resolve legal issues in the context of a discrete case, and unless and until BOP is given an opportunity to resolve the issue in the petitioning inmate's case, there is no ripe controversy for the Court to resolve.").

The same reasoning applies to Petitioner's claim regarding his financial obligations. Again, the BOP is in the best position to resolve any issues related to potential overpayments or the recovery of funds paid before the Court should intervene. *See Thomas v. Ramirez*, No. 18-cv-22064, 2018 WL 3015014, at *3 (S.D. Fla. May 30, 2018) (recommending dismissal of habeas claim related to financial obligations for failure to exhaust), *report and recommendation adopted*, 2018 WL 3014085 (S.D. Fla. June 15, 2018).

As for Petitioner's claim that he received ineffective assistance of counsel, the Court is without jurisdiction over the claim. Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The text of the "saving clause"

in section 2255(e) permits a federal prisoner to challenge his sentence pursuant to section 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of demonstrating that a section 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). If a prisoner's claim fits within those categories identified in *McCarthan*, a prisoner may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim merely challenges 'the validity of his sentence.'" *Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted). If that is indeed the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (citation omitted). Furthermore, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Accord* Rule 12, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules.").[1]

Here, Petitioner claims of ineffective assistance of counsel in his section 2255 motion filed in his sentencing court were denied. *See United States v. Olaya*, No. 2:15-cr-20200, Doc. 600 (E.D. Mich. Apr. 2, 2024). His attempt to relitigate his

---

[1] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under section 2241.

4

ineffective assistance claims in this proceeding is improper.   The claim attacks the legality of his conviction and "the remedy by [section 2255] motion could give him the relief he seeks" if his claim had any legal merit.   *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 100–03 (11th Cir. 2021).   Thus, the Court is without jurisdiction over that claim.

Accordingly, the petition is due to be dismissed without prejudice for Petitioner's failure to exhaust administrative remedies as to grounds one and two and for lack of jurisdiction as to ground three.

Accordingly, it is now

**ORDERED:**

1.  This above-captioned case is **DISMISSED without prejudice** for failure to exhaust administrative remedies as to grounds one and two and for lack of jurisdiction as to ground three.

2.  The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close this case.

**DONE AND ORDERED** in Tampa, Florida this 11th day of June 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies:   All Parties of Record

5